## IN THE UNITED STATES DISTRICT CIRCUIT
## SOUTHERN DISTRICT OF FLORIDA

**JONATHAN LEOPOLDO,** )
)
    **Plaintiff,** )
)
**vs.** )    **CASE NO.:**
)
**BROWARD COUNTY, FLORIDA,** )
)
    **Defendant.** )
_____)

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, JONATHAN LEOPOLDO, sues the Defendant, BROWARD COUNTY, FLORIDA, and alleges as follows:

1. This is an action to recover compensation for lost wages, benefits, reinstatement, attorney's fees and costs, and any other compensatory damages or remuneration allowable at law pursuant to the Florida Private Whistleblower Act, retaliation pursuant to Title VII of the Civil Rights Act, as amended, ("Title VII") and the Florida Civil Rights Act, §760.01, *et seq.,* Florida Statutes, (FCRA), and common law defamation of character.

### PARTIES

1. Plaintiff is a resident of Palm Beach County, Florida, and was employed by the Defendant at all times relevant to this action at the Broward Addiction Recovery Center (BARC).

2. Plaintiff was an employee of the Defendant as defined by Title VII and within the meaning in the FCRA.

3.     The Defendant is a governmental entity in the State of Florida and is authorized to conduct business within the geographical jurisdiction of this Court.

4.     The Defendant is an "employer" as that term is defined in Title VII and the FCRA.

### JURISDICTION AND VENUE

5.     Venue is appropriate in this Court because all or a majority of the conduct that led to this action occurred in the geographical limitations of this Court.

6.     Jurisdiction is appropriate in this Court pursuant to U.S.C. §1331.    Supplemental jurisdiction over the state law claims is appropriate in this Court pursuant to U.S.C. §1367.

### FACTS RELEVANT TO COUNT I

7.     Plaintiff was employed by the Defendant as a substance abuse case worker until the termination of his employment on May 31, 2022.

8.     Just prior to his termination, Plaintiff objected to and/or refused to participate in activities, policies, and/or practices of the employer which were in violation of a law, rule, or regulation.

9.     Plaintiff brought serious concerns to the attention of his supervisors, and others.  Specifically, Plaintiff objected to and/or refused to participate in violations of patients rights pursuant to Rule 65D-

30.0045, Florida Administrative Code and Florida Statute Section 397.501.

10.     The Plaintiff began to object to violations of Rule 65D-30.0045 and Florida Statute Section 397.501 beginning in June 2021, when he reported the violations to Client Advocate Paulette Williams.  He continued to complain to Ms. Williams through the end of August 2021.

11.     Ms. Williams' response was, in part, that Plaintiff would then have a target on his back for reporting the actions.

12.     The Plaintiff also objected to a violation of Rule 65D-30.0045 and Florida Statute Section 397.501 when he objected to Clinician Beckford that a staff member had called a client psychotic on or around July 20, 2021.

13.     The Plaintiff also objected to a violation of Rule 65D-30.0045 and Florida Statute Section 397.501 when he complained to Supervisors Tracy Myers, Yvette Torres, and Janina Breach on or about August 24, 2021.

14.     Plaintiff was removed from his position on August 24, 2021, and transferred to a different position on August 27, 2022, at a different location.

15.     The Plaintiff also objected to a violation of Rule 65D-30.0045 and Florida Statute Section 397.501 when he complained to BARC Director Jack Feinberg and BARC Human Resources Specialist Maggie Necega on or around September 17, 2021.   An employee had been

showing female clients pornography and pictures of sex toys as well as bringing them bras and panties.

16.     The Plaintiff also objected to a violation of Rule 65D-30.0045 and Florida Statute Section 397.501 when he complained to Jack Feinberg, Marsha Eligon, Cathy Hutton on or about May 12, 2022 regarding treatment of a co-worker after resigning his employment.

17.     Not satisfied with the results he was getting, the Plaintiff then objected to a violation of Rule 65D-30.0045, Florida Administrative Code, and Florida Statute Section 397.501 when he complained to BARC Human Resources Specialist Steve Vaughn.

18.     The Plaintiff also objected to a violation of Rule 65D-30.005(1)(a)(3), Florida Administrative Code, when he objected via telephone message to Substance Abuse Advisory Board President Stephanie Jo Coberly on or about June 1, 2022 and again to Substance Abuse Advisory Board member Garry Smyth approximately a week later regarding a recommendation that the Department designate addictions receiving facilities.

19.     The Plaintiff also objected to a violation of Rule 65D-30.005(14)(d), Florida Administrative Code, when he objected to Medical Director Dale Fahie via email on or about July 2, 2021 and July 6, 2021, and to Jack Feinberg and Human Services Acting Director Keith Bostick on July 7, 2021 via TEAMS meeting and by email on July 6, 2021

regarding the use of seclusion and restraint as punishment or convenience of staff.

## FACTS RELEVANT TO COUNT II

20.    On April 21, 2022 the Plaintiff submitted an affidavit in an investigation by the Equal Employment Opportunity Commission (EEOC) on behalf of one of his co-workers at BARC.

21.    In the affidavit, the Plaintiff described his personal knowledge of black employees being terminated disproportionately and unjustly while their white counterparts were not.  He also described the conduct of multiple co-workers who engaged in discriminatory or harassing behavior who were not punished by the Defendant.

22.    The Plaintiff also detailed his complaints to management regarding the behavior, and stated that they were ignored.

23.    On May 12, 2022, the Plaintiff received notice from the Defendant that he was under investigation for inappropriate workplace conduct and was placed on administrative leave.

24.    The Plaintiff's employment was terminated by the Defendant on May 31, 2022.

## FACTS RELEVANT TO COUNTS I and II

25.    On or around May 3, 2022, the Plaintiff objected to the treatment and termination of a Black employee of the Defendant to the Broward Labor Relations Department, in violation of the Defendant's anti-discrimination/harassment policy, Title VII, and the FCRA.

Previously, in August 2021, Human Resources inquired if anything was "new" with the Plaintiff and indicated that the Plaintiff was to be "supervised closely."

<u>FACTS RELEVANT TO COUNT III</u>

26.    Marsha Eligon, who is employed by the Defendant in a supervisory position, has made multiple false and defamatory comments to third parties, including but not limited to, Plaintiff's co-workers and supervisors that are false and placed Plaintiff in a negative light, professionally and personally.

27.    Specifically, but not as  a limitation, Ms. Eligon published to third parties that Plaintiff:

    a. Was combative at the workplace on April 29, 2022;

    b. Was defensive at the workplace on April 29, 2022;

    c. Acted erratically at the workplace on April 29, 2022;

    d. Acted menacing at the workplace on April 29, 2022;

    e. Exhibited having an unsound mind at the workplace on workplace on April 29, 2022;

    f. While angry, violently snatched papers from her hand, making her feel unsafe on April 29, 2022;

    g. Came to work angry and unkempt on May 2, 2022;

    h. Made her feel uncomfortable, unsafe, and scared on May 12, 2022;

      i.   Was like working with a "ticking time bomb", white referencing recent shootings in a statement date May 31 2022.

28.   On or about March 4, 2022, Ms. Eligon accused the Plaintiff of almost killing a client.

29.   On approximately April 29, 2022, Ms. Eligon stated to Plaintiff and third parties that Plaintiff was guilty of theft and fraud based upon time entries.  Documentation regarding this false and defamatory statement are included in Plaintiff's personnel file, which is a public record.

30.   Ms. Eligon knew the above-statements were not true, but published them to third parties in malice.

31.   Plaintiff has suffered actual damages as a result of Ms. Eligon's defamatory statements.  The statements led, in part, to the termination of Plaintiff's employment.

32.   Plaintiff's professional and personal reputation has been damaged by Ms. Eligon's defamatory statements.

33.   In an email dated May 20, 2022, Substance Abuse Caseworker April Williams stated that Plaintiff was very unstable and exhibited psychotic behavior.

34.   Ms. Williams went on to state in the email that the Plaintiff is manipulative and has displayed explosive and threatening behavior toward staff before.

35. Ms. Williams knew the above-statements were not true, but published them to third parties in malice.

36. Plaintiff has suffered actual damages as a result of Ms. Williams' defamatory statements. The statements led, in part, to the termination of Plaintiff's employment.

37. Plaintiff's professional and personal reputation has been damaged by Ms. Williams' defamatory statements.

<u>COUNT I: FLORIDA PRIVATE WHISTLEBLOWER STATUTE</u>

38. The Plaintiff incorporates Paragraphs 1-19 and 25 as if fully rewritten herein.

39. The fact that the Plaintiff complained about activities that violated a law, rule, or regulation was a motivating factor in the decision by Defendant to terminate the Plaintiff's employment. Such action by the Defendant violates the Plaintiff's rights under Florida's Whistleblower Act, §§448.101, <u>et</u> <u>seq.</u>, Fla. Stats.

40. Specifically, but not as a limitation, the Plaintiff's objecting to and/or refusing to participate in denying patients of BARC their rights pursuant to Rule 65D-30.0045. The Defendant's conduct in violation of the Rule includes, but is not limited to:

   a. Access to grievance submission forms;

   b. Education of staff in the importance of the grievance system and individual rights;

   c. Timely receipt of a filed grievance;

    d.  The logging and tracking of filed grievances until resolved or conclude by action of the provider's governing board;

    e.  Written notification of the decision to the appellant; and

    f.  Analysis of trends to identify opportunities for improvement.

41.    The Plaintiff also objected to and/or refused to participate in denying patients of BARC their rights pursuant to Florida Statute Section 397.501, which requires that "[t]he dignity of the individual served must be respected at all times and upon all occasions, including any occasion when the individual is admitted, retained, or transported."

42.    The Plaintiff also objected to and/or refused to participate in denying patients of BARC their rights pursuant to Rule 65D-30.005(1)(a)(3), Florida Administrative Code, as detailed above.

43.    The Plaintiff also objected to and/or refused to participate in denying patients of BARC their rights pursuant to Rule 65D-30.005(14)(d), Florida Administrative Code, as detailed above.

44.    As a direct and proximate result of the Defendant's illegal retaliatory conduct, as described above, the Plaintiff has suffered, and continues to suffer, the loss of income and the value of fringe benefits he would have received had his employment with the Defendant not been terminated.  In addition, the Plaintiff has suffered, and continues to suffer, emotional distress, mental anguish, humiliation, and the loss of enjoyment of life.

45.    WHEREFORE, the Plaintiff prays:

a. That the Court take jurisdiction over this action;

b. That the Court order the Defendant to reinstate the Plaintiff to her former or to an equivalent position, or in the alternative, award the Plaintiff front pay;

c. That the Court award the Plaintiff his lost pay and the value of his lost fringe benefits;

d. That the Court award the Plaintiff compensatory damages; and

e. That the Court award the Plaintiff the cost of this action, including a reasonable attorney's fee.

<u>COUNT II: RETALIATION</u>

46.     The Plaintiff incorporates Paragraphs 1-4 and 20-25 as if fully rewritten herein.

47.     As detailed in Paragraphs 20-25, above, the Plaintiff was retaliated against by being treated less favorably than co-workers who had not engaged in a protected activity, i.e., he was terminated and subjected to other unwarranted disciplinary action.

48.     The Plaintiff's protected activity was a determining factor in the decision to subject the Plaintiff to different, less favorable terms and conditions of employment and to terminate his employment.  Such conduct violates Title VII and the FCRA.

49.     As a direct and proximate result of the Defendant's unlawful conduct, the Plaintiff has suffered, and continues to suffer, the loss of

income and benefits, and the loss of potential employment opportunities. The Plaintiff also suffered and continues to suffer, mental anguish, emotional distress, and embarrassment, as a result of the Defendant's unlawful conduct.

50.    The Plaintiff has exhausted all requisite administrative remedies prior to bringing this action.  Specifically, the Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and has received a Notice of Right to Sue.  The Plaintiff brought this action within ninety days of receiving the Notice of Right to Sue.

WHEREFORE, based upon the foregoing, the Plaintiff prays:

a.    That the Court take jurisdiction over this action;

b.    That the Court award the Plaintiff his lost pay and benefits caused by the Defendant's unlawful conduct;

c.    That the Court award the Plaintiff compensatory damages for his mental anguish;

d.    That the Court award the Plaintiff a reasonable attorney's fees and costs in bringing this action.

## COUNT III: DEFAMATION

51.    The Plaintiff incorporates Paragraphs 1-4 and 26-37 as if fully rewritten herein.

52.    As detailed above, Ms. Eligon and Ms. Williams, made false statements about the Plaintiff purporting to be fact.

53.    These statements were made to multiple third parties.

54.    At the very least, Ms. Eligon and Williams were negligent in making the statements.

55.    Plaintiff contends that the statements were made with malice to cause harm to the Plaintiff.

56.    The Defendant is vicariously liable for Ms. Eligon and Ms. Hamilton's statements.

57.    As a direct and proximate result of the Defendant's illegal defamatory conduct, as described above, the Plaintiff has suffered, and continues to suffer, the loss of income and the value of fringe benefits he would have received had he been able to secure comparable employment. In addition, the Plaintiff has suffered, and continues to suffer, emotional distress, mental anguish, humiliation, loss of enjoyment of life, and damage to his professional and personal reputation.

WHEREFORE, the Plaintiff prays:

a.    That the Court take jurisdiction over this action;

b.    That the Court award the Plaintiff special/economic damages, including but not limited to lost income and diminished earning capacity, and loss of future business opportunities;

c.    That the Court award the Plaintiff general/compensatory damages; and

    d.  That the Court award the Plaintiff any other damages

deemed reasonable and proper.

<u>JURY TRIAL DEMAND</u>

The Plaintiff demands a trial by jury on all issues so triable.

> **CPLS, P.A.**
> Attorneys|Consultants|Mediators
> 201 East Pine Street, Suite 445
> Orlando, Florida 32801
> (407) 647-7887
> (407) 647-5396 Fax
> CPLS File No. 4447-1
> *Attorneys for Plaintiff*

> _____
> Melissa C. Mihok, Esq.
> Florida Bar No. 555851
> mmihok@cplspa.com
> courtefiling@cplspa.com