UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-CV-60103-DIMITROULEAS

JONATHAN LEOPOLDO,

    Plaintiff,

vs.

BROWARD COUNTY, FLORIDA

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE is before the Court on Defendant Broward County, Florida ("The County")'s Motion to Dismiss Count I of Plaintiff's Amended Complaint ("The Motion") [DE 18]. The Court has carefully reviewed the Motion [DE 18], Plaintiff Jonathan Leopoldo ("Plaintiff")'s Response [DE 20], Defendant's Reply [DE 21], and is otherwise fully advised in the premises. For the reasons stated herein, the Court grants the Motion to Dismiss.

    **I.**    **Background**

Plaintiff commenced the instant action on January 20, 2023, bringing the following claims against the County: violation of the Florida Private Whistleblower Act, Fla. Stat. § 448.01 (Count I); retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Florida Civil Rights Act of 1992, Fla. Stat. § 760, *et seq.* ("FCRA") (Count II); and defamation (Count III). *See* [DE 1]. The County moved to dismiss the claims pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* [DE 10]. On April 21, 2023, the Court

1

granted the motion to dismiss, dismissed Counts I and III with prejudice, dismissed Count II without prejudice, and gave Plaintiff leave to amend. *See* [DE 13].

On May 5, 2023, Plaintiff filed an Amended Complaint alleging a violation of the Florida Public Whistleblower Act, § 112.3187 (Count I), retaliation under Title VII (Count II), and retaliation under the FCRA (Count II). *See* [DE 14]. The Amended Complaint claims that Plaintiff was a substance abuse caseworker, employed by the County, until he was terminated on May 31, 2022. *Id.* at ¶ 7. While employed, Plaintiff refused to participate in and disclosed various violations of law under the Florida Administrative Code and Florida Statutes. *Id.* at ¶¶ 9–19. As to Count I specifically, the Complaint alleges that Plaintiff reported all his disclosures to the Florida Commission on Human Relations, but the commission did not investigate due to lack of jurisdiction. *Id.* at ¶ 21.

Pursuant to an investigation by the Equal Employment Opportunity Commission (EEOC), Plaintiff submitted an affidavit in which he described personal knowledge of Black employees being terminated disproportionately to their white counterparts. *Id.* at ¶ 23. Plaintiff claimed that multiple coworkers engaged in discriminatory or harassing behavior and that this behavior went unpunished by the County. *Id.* Plaintiff objected to the treatment and termination of a Black employee of the County in violation of the County's anti-discrimination/harassment policy, Title VII, and the FCRA. *Id.* at ¶ 27.

Plaintiff seeks to be reinstated to his former or an equivalent position. *Id.* at ¶ 42. Plaintiff also seeks lost wages and benefits, compensatory damages for mental anguish, and attorney's fees and costs. *Id.* at ¶ 42, 47, 52.

The County now moves to dismiss Count I of Plaintiff's Amended Complaint for failure to exhaust administrative remedies. *See* [DE 18].

## II. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (brackets in original) (quoting Fed. R. Civ. P. 8(a)(2)). "The Supreme Court has employed a 'two-pronged approach' in applying the foregoing principles: first, a reviewing court should eliminate any allegations in the complaint that are merely legal conclusions; and second, where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Boyd v. Warden, Holman Correctional Facility*, 856 F. 3d 853, 864 (11th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 679). "In analyzing the sufficiency of the complaint, [the Court] limit[s] [its] consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

Additionally, a Rule 12(b)(1) motion may be in the form of a "facial attack" on the complaint, which "requires the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (citations omitted). Or, the motion may take the form of a "factual attack," which challenges "the

existence of subject matter jurisdiction in fact, irrespective of the pleadings." *Id.* at 1529. Because a factual Rule 12(b)(1) motion challenges the trial court's power to hear the claim, the court must closely examine the plaintiff's factual allegations and "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* The court is not limited to the allegations contained in the complaint, and it may consider materials outside the pleadings to determine whether it has jurisdiction. *Id.* "In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating itself the merits of jurisdictional claims." *Id.*

### III.     Discussion

In Count I, Plaintiff states that the County violated the Florida Public Whistleblower Act when it terminated Plaintiff's employment after Plaintiff had reported multiple violations or suspected violations of law. *See* [DE 14] at ¶ 36. In its Motion to Dismiss, the County argues that Plaintiff's whistleblower claim must be dismissed because Plaintiff failed to exhaust administrative remedies in accordance with the Florida Public Whistleblower Act, the Broward County Code of Ordinances § 26-6, and the Broward County Administrative Code §§ 19.66–19.68.[1] *See* [DE 18]. The Court agrees with the County.

The Florida Public Whistleblower Act prohibits retaliation against whistleblowers in public employment. *Wagner v. Lee Cnty.*, 678 F. App'x 913, 921 (11th Cir. 2017). The act states that a state agency may not take adverse action against an employee in retaliation for the employee's disclosure of the agency's misconduct. *Id.* (citing Fla. Stat. § 113.3187). In the event of wrongful retaliation on the part of the state agency, the employee may "file a complaint with

---

[1] The Court previously took judicial notice of: Broward County Code of Ordinance § 26-6 [DE 16-1]; Broward County Ordinances 93-26 and 93-50 [DE 16-2]; and Broward County Administrative Code §§ 19.66–19.68 [DE 16-3]. *See* [DE 22].

the appropriate local governmental authority if that authority has established by ordinance an administrative procedure for handling such complaints." Fla. Stat § 112.3187(8)(b). In other words, the Florida Public Whistleblower Act requires plaintiffs to file complaints with their appropriate local government authority before commencing a civil action if their local government authority has established a procedure for resolving such complaints. *Lamb v. Walton Cnty. Sch. Bd.*, No. 3:21-CV-375-MCR-EMT, 2021 WL 4992758, at *2 (N.D. Fla. Aug. 3, 2021). The lack of specificity in the act suggests that the legislature intended "to leave the details of the procedure up to the individual government entities." *Id.*

Section 26-6(7) of the Broward County Code of Ordinances and Sections 19.66–19.68 of the Broward County Administrative Code establish the administrative procedure for resolving these types of complaints. Section 19.68(a) of the Broward County Administrative Code states, in relevant part:

> . . . an employee or applicant who believes that retaliation prohibited by this section has occurred may, within sixty (60) days after the alleged prohibited action has taken place, file a written complaint with the Assistant to the County Administrator designated by the County Administrator to receive such complaints. The complaint must describe, at a minimum and with specificity, the retaliatory conduct complained of and the complainant's conduct which he or she believes brings him or her under the protection of Subsection 26-6-(b) of the Code of Ordinances.

Similarly, Section 26-6(7) states, in relevant part, "within sixty (60) days after the action prohibited by this section, any employee or applicant for employment protected by this section may file a complaint with the county administrator or his/her designee." Broward Cty. Code § 26-6(7). Broward County's whistleblower complaint procedure involves review of complaints by an impartial panel, which "must make findings of fact and conclusions of law for a final decision by the county administrator." *Id.*

5

Here, Plaintiff alleges that he disclosed the alleged violations to his supervisors and others including the Broward Addiction Recovery Center Director, human resource specialists, the Human Resource Director, the Substance Abuse Advisory Board President, and a Substance Abuse Advisory Board member. *See* [DE 14]. Though it is apparent that Plaintiff went through multiple avenues of reporting, Plaintiff does not allege that he reported to the one entity deemed necessary under the Broward County Code of Ordinances and the Broward County Administrative Code: the county administrator.

In his Response, Plaintiff argues that many of the individuals he reported to are "appropriate government officials" in accordance with Fla. Stat. § 112.3187(6). *See* [DE 20] at p. 4. However, Plaintiff fails to address § 112.3187(8)(b), which governs the specifics of seeking remedies and bringing a civil action under the Florida Public Whistleblower Act. Nor does Plaintiff address Broward County Code of Ordinances § 26-6 and Broward County Administrative Code §§ 19.66–19.68. *See* [DE 20]. Additionally, unlike in Counts II and III, in which Plaintiff alleges to have exhausted all administrative remedies, [DE 14] at ¶ 47, 52, Plaintiff does not make these same allegations as to Count I of the Amended Complaint. Accordingly, the Court grants the County's motion to dismiss Count I of the amended complaint for failure to exhaust administrative remedies.

### IV.  Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion to Dismiss [DE 18] is **GRANTED**.
2. Count I is **DISMISSED** for failure to exhaust administrative remedies.
3. Defendant shall file an answer to the remaining counts within fourteen (14) days of the date of this order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 12th day of July, 2023.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of Record