UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:23-CV-60103-DIMITROULEAS/AUGUSTIN-BIRCH

JONATHAN LEOPOLDO,

    Plaintiff,

v.

BROWARD COUNTY, FLORIDA,

    Defendant.

_____/

**REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO TAX COSTS**

This cause comes before the Court on Defendant Broward County, Florida's Motion to Tax Costs. DE 63. The Honorable William P. Dimitrouleas, United States District Judge, referred the Motion to the undersigned United States Magistrate Judge. DE 64. Plaintiff Jonathan Leopoldo filed a response, DE 75, and Defendant filed a reply. DE 76. Having carefully considered the briefing and the record and being otherwise fully advised in the premises, the Court **RECOMMENDS GRANTING** Defendant's Motion to Tax Costs [DE 63].

## I. Background

In his Amended Complaint, Plaintiff alleged that Defendant's termination of his employment was retaliatory and in violation of Florida's Public Whistleblower Act. DE 14. On summary judgment, Defendant prevailed, DE 61, and Judge Dimitrouleas entered final judgment in Defendant's favor and against Plaintiff. DE 62. Thereafter, Defendant filed the present Motion to Tax Costs, seeking to tax costs of $2,345.60 against Plaintiff.[1] DE 63.

---

[1] The Court notes that Defendant provides two different figures for the total costs award it seeks. *See* DE 63 at 1 ("Defendant . . . hereby moves this Court for entry of an order awarding its costs in the amount of $2,390.60 . . . ."); *id.* at 3 ("[T]he County request[s] that the Court grant this motion and tax costs in the amount of $2,330.60 in its favor

## II. Entitlement to Costs Award

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." This "provision establishes a presumption that costs are to be awarded to a prevailing party, but vests the district court with discretion to decide otherwise." *Chapman v. Al Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000). "However, the district court's discretion not to award the full amount of costs incurred by the prevailing party is not unfettered, since denial of costs is in the nature of a penalty for some defection on the prevailing party's part in the course of the litigation." *Id.* at 1039 (alteration, citation, and quotation marks omitted). Consequently, to "defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." *Id.*

Here, Plaintiff's sole opposition to Defendant's Motion to Tax Costs is his contention that Defendant engaged in misconduct that taints its status as the prevailing party. *See* DE 75. Plaintiff first claims that Defendant failed to inform him of the required whistle-blower process after the termination of his employment, which purportedly led to the dismissal of one of Plaintiff's claims in his Complaint for his failure to exhaust administrative remedies prior to initiating litigation. *Id.* at 2. Even if this is true, Plaintiff's allegation concerns Defendant's pre-litigation conduct, and the case law only authorizes a court to deny costs to penalize a prevailing party for "some misconduct on its part *during* the litigation." *Fla. Keys Citizens Coal., Inc. v. U.S. Army Corps of Eng'g,* 386 F. Supp. 2d 1266, 1269 (S.D. Fla. 2005) (emphasis added); *Chapman*, 229 F.3d at 1038 ("[D]enial of costs is in the nature of a penalty for some defection on the prevailing party's part in the *course of litigation*." (emphasis added)). As such, Defendant's alleged pre-suit failure to notify Plaintiff of required administrative remedies cannot serve as a basis to deny Defendant's request for costs.

---

. . . ."). However, neither of these figures are correct based on the breakdown of the costs Defendant provides. *See id.* at 3 (requesting costs of $265, $894.60, $328.75, $224, and $633.25, which total $2,345.60).

Plaintiff's only claim of misconduct occurring during the pendency of this litigation is his allegation of some impropriety with his attempts to depose Jack Feinberg, a witness in this case. DE 75 at 8. According to Plaintiff, Defendant was able to obtain a declaration from Mr. Feinberg during the time period that he was unable to depose Mr. Feinberg, despite his numerous attempts to do so. *Id.* The Court fails to see how this demonstrates any misconduct on Defendant's part. If Plaintiff had difficulties with deposing Mr. Feinberg, Plaintiff should have moved for this Court to compel Mr. Feinberg to comply with a subpoena, as this Court ordered for another witness in this litigation. *See* DE 34. For these reasons, the Court finds that Defendant has not engaged in any misconduct during the course of this litigation to warrant a denial of a costs award.

### III. Amount of Costs Awarded

"[A] court may only tax costs as authorized by statute." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). "Taxation of deposition costs is authorized by [28 U.S.C.] § 1920(2)." *Id.* However, for deposition costs to be taxable, the deposition must have been "wholly or partially necessarily obtained for use in the case." *Id.* at 621 (quotation marks omitted). A deposition used in support of a summary judgment motion satisfies this requirement. *Id.* ("A district court may tax costs associated with the depositions submitted by the parties in support of their summary judgment motions." (quotation marks omitted)).

Here, Defendant seeks an award of $2,345.60 in costs for depositions used in support of its summary judgment motion. DE 63 at 2–3. Defendant breaks down the $2,345.60 in costs as follows: (1) $265 for the court reporter fee for Plaintiff's deposition, (2) $894.60 for Plaintiff's deposition transcript, (3) $328.75 for April Williams' deposition transcript, (4) $224 for Vanessa Major's deposition transcript, and (5) $633.25 for Marsha Eligon's deposition transcript. *Id.* at 3; *see also* DE 63-1 (bill of costs with invoices). Defendant attached a copy of Plaintiff's deposition transcript, DE 45-2, April Williams' deposition transcript, DE 45-10, and Marsha Eligon's

3

deposition transcript, DE 45-5, to its statement of facts in support of its summary judgment motion. And although Defendant did not attach a copy of Vanessa Major's deposition transcript to its statement of facts, Defendant did cite to Vanessa Major's deposition transcript numerous times in its statement of facts. *See* DE 45 ¶¶ 41, 42, 63, 64, 66, 76, 77. Accordingly, the Court finds that all deposition transcripts were necessarily obtained for use in this case, and the Court recommends awarding Defendant $2,345.60 in costs.

## IV. Recommendation

For the foregoing reasons, the Court **RECOMMENDS GRANTING** Defendant's Motion to Tax Costs [DE 63] and awarding Defendant $2,345.60 in costs.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**The Clerk of Court shall mail a copy of this Order to Plaintiff Jonathan Leopoldo at the address listed below and make a notation of such on the court docket**.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 24th day of September, 2024.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE

4

Copies furnished to:

Jonathan Leopoldo, *pro se*
8014 Copenhagen Way
Boca Raton, FL 33434